IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,831-01






EX PARTE LINDA JEAN JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W93-04838-N(A) IN THE 195TH DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed her
conviction. Johnson v. State, No. 05-94-01100-CR (Tex. App.-Dallas, delivered February 28, 1997,
no pet.).

 Applicant contends that she desired to be placed on probation, but trial counsel failed to
inform her of the State's initial plea offer of ten years and to enter her guilty plea after she had agreed
to a subsequent offer of eight years. In addition, Applicant contends that during closing arguments
trial counsel described Applicant as a "thief," a "liar," a "person with no credibility," and a "dope
addict that loved dope more than her own children"; argued that Applicant was guilty of aggravated
assault; and stated that Applicant's self-defense testimony was "not important."

 On June 21, 2006, we remanded the application and instructed the trial court to hold a live
evidentiary hearing to resolve Applicant's claims. There is no indication, however, that a live
evidentiary hearing was held. Instead, trial counsel prepared a second affidavit in response to
Applicant's claims. We believe that Applicant should have the opportunity to question trial counsel
at a live proceeding. Therefore, the trial court shall order a live evidentiary hearing to resolve
Applicant's claims. 

 It appears that Applicant is represented by counsel. If she is not, the trial court shall
determine whether she is indigent. If she is indigent and wishes to be represented by counsel, the trial
court shall appoint an attorney to represent her at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After the hearing, the trial court shall make findings of fact as to whether trial counsel failed
to inform Applicant of the State's plea offer of ten years and failed to enter Applicant's guilty plea
after the State offered eight years. If the trial court finds that trial counsel was deficient in either
respect, it shall then make findings as to counsel's reasons. Alternatively, if the trial court finds that
trial counsel was not deficient, it shall make findings as to why counsel allowed Applicant to waive
her right to a jury trial, when only a jury was authorized to recommend probation for the offense of
aggravated robbery. Tex. Code Crim. Proc. art. 42.12, § 3(g). Finally, the trial court shall make
findings of fact as to whether counsel's statements during closing arguments were deficient and, if
so, whether counsel was ineffective. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for a writ
of habeas corpus.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 13, 2006

Do not publish